

United States Department of Justice

United States Attorney
Northern District of New York

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

April 11, 2024

*Via CM/ECF (with copy to defendant via USMS*)

Hon. Mitchell J. Katz
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
Syracuse, New York 13261-7367

  Re: *United States v. Bochene*
     5:24-mj-182 (MJK)

Dear Magistrate Judge Katz:

  The defendant is scheduled for a preliminary hearing tomorrow afternoon concerning a supervised release violation petition from the United States District Court for the District of Columbia. The petition concerns four alleged violations of the defendant's supervised release conditions.

  In lieu of a formal prehearing submission, the government respectfully submits this letter containing its witness list, exhibit list, and a summary of applicable law.[1]

Witness List

> Althea C. Barney, USPO

Exhibit List[2]

> Exhibit 1 – New York State Incident / Police Report concerning events on February 4, 2024

> Exhibit 2 – Status Letter from New Hartford Town Court dated April 10, 2024

> Exhibit 3 – Summary of Criminal Debts

---

[1] The government reserves the right to amend its witness and exhibits lists.

[2] Each of these exhibits has been provided to stand-by counsel and the defendant. I will have additional copies at the hearing.

Letter to Hon. Mitchell J. Katz
*United States v. Bochene*
5:24-mj-182 (MJK)
April 11, 2024
Page 2

Applicable Law

Federal Rule of Criminal Procedure 32.1(b)(1)(A) provides in relevant part that "[i]f a person is in custody for violating a condition of . . . supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." As to the conduct of the hearing, Rule 32.1(b)(1)(B) provides in relevant part that:

> [t]he judge must give the person: (i) notice of the hearing and its purpose, the alleged violation, and the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; (ii) an opportunity to appear at the hearing and present evidence; and (iii) upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear.

If this Court finds probable cause, it must refer the matter to the district court for a final hearing. *See id.* § (b)(1)(C).

Federal Rule of Criminal Procedure 5.1 governs preliminary hearings. It provides that the defendant "may cross examine adverse witnesses and introduce evidence but may not object to evidence on the ground that it was unlawfully acquired." *Id.* § (e). Further, Federal Rule of Evidence 1101(d)(3) provides that the Rules of Evidence do not apply to "miscellaneous proceedings" including "a preliminary examination in a criminal case." Accordingly, the government may introduce evidence that might otherwise be excluded at a trial based on hearsay.

As explained in the Advisory Committee Notes concerning the 2002 Amendments to Rule 5.1:

> In the Committee Note on the 1974 amendment, the Advisory Committee explained that the language was included to make it clear that a finding of probable cause may be based upon hearsay, noting that there had been some uncertainty in the federal system about the propriety of relying upon hearsay at the preliminary hearing. *See* Advisory Committee Note to Rule 5.1 (citing cases and commentary). Federal law is now clear on that proposition. Thus, the Committee believed that the reference to hearsay was no longer necessary. Further, the Committee believed that the matter was best addressed in Rule 1101(d)(3), Federal Rules of Evidence. That rule explicitly states that the Federal Rules of Evidence do not apply to "preliminary examinations in criminal cases, ... issuance of warrants for arrest, criminal summonses, and search warrants." The Advisory Committee Note accompanying that rule recognizes that: "The

Letter to Hon. Mitchell J. Katz
*United States v. Bochene*
5:24-mj-182 (MJK)
April 11, 2024
Page 3

nature of the proceedings makes application of the formal rules of evidence inappropriate and impracticable." The Committee did not intend to make any substantive changes in practice by deleting the reference to hearsay evidence.

Accordingly, this Court should receive all three government Exhibits notwithstanding evidentiary objections (*e.g.*, hearsay) that might support exclusion if the Rules of Evidence applied.

                Respectfully,

                CARLA B. FREEDMAN
                United States Attorney

By: _____
      Michael D. Gadarian
      Assistant United States Attorney
      Bar Roll No. 517198

cc.    Randi Biano, AFPD (via CM/ECF)
       Eric Bochene (via hand delivery after transmittal to USMS)